IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. GORDON,<br>        PLAINTIFF, | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. 3:25-CV-1489-S-BK |
| THE BANK OF NEW MELLON,<br>        DEFENDANT. | §<br>§<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 5. Before the Court is *Defendant's Motion to Dismiss*, Doc. 6. As detailed *infra*, the motion should be **GRANTED**.

## I. BACKGROUND

In October 2024, Plaintiff initiated this civil action in state court seeking to prevent Defendant from effecting a post-foreclosure eviction from his property at 2705 Raintree Drive, Carrollton, Texas 75006 (the "Property"). Doc. 1-1 at 13, 86. Plaintiff alleges that he executed a Texas Home Equity Note ("Note"), secured by a Deed of Trust on the Property (together, the "loan documents"). Doc. 1-1 at 108. Defendant, The Bank of New York Mellon, is the assignee of the Note and Deed of Trust. Doc. 1-1 at 108.

According to Plaintiff, he has not made a payment on the loan since before 2014. Doc. 1-1 at 89. As a result of his default, Plaintiff alleges that Defendant has initiated foreclosure proceedings on five-to-seven prior occasions. Doc. 1-1 at 87. As best as the Court can discern from the record, the most recent of these proceedings culminated in a foreclosure sale of the Property by auction in October 2024. Doc. 1-1 at 88, 102. This suit followed.

In his First Amended Original Petition, Plaintiff asserts claims for quiet title, trespass to try title, breach of contract, and wrongful foreclosure, contending that Defendant lacked a valid lien against the Property.  Doc. 1-1 at 110-111.  Plaintiff further seeks injunctive and declaratory relief to prevent his imminent eviction and to declare Defendant's deed void.  Doc. 1-1 at 117-118.

In May 2025, the state court issued a temporary restraining order ("TRO") preventing Plaintiff's eviction from the Property.  Doc. 1-1 at 135-138.  In June 2025, the state court extended the TRO, and Defendant—having not yet been served—removed the action to this Court based on diversity jurisdiction.  Doc. 1-1 at 149-151; Doc. 1 at 2-3.

Following removal, Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  Doc. 6.  Plaintiff, though represented by counsel, failed to timely respond to the motion as required by the Court's local rules.  *See* N.D. Tex. Local Civ. R. 7.1(e) (requiring a response within 21 days of the filing of an opposed motion).  On September 11, 2025, the Court ordered Plaintiff to file a response by September 22, 2025, if he opposed the relief sought.  Doc. 8.  As of the date of this recommendation, however, Plaintiff has neither responded to Defendant's motion nor otherwise appeared in this action since its removal from state court.[1]

---

[1] Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *sua sponte* for failure to prosecute or failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).  Despite being afforded ample opportunity to respond to Defendant's motion in compliance with the Court's Order, Doc. 8, Plaintiff has impliedly refused or declined to do so.  On this basis alone, Plaintiff's claims are subject to dismissal without prejudice.  *See* FED. R. CIV. P. 41(b).

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). But the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (cleaned up). To survive a Rule 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion, the court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up). Such matters include the record in prior related proceedings. *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995); *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020).

### III. ANALYSIS

#### A. Quiet Title and Trespass to Try Title

Defendant argues that Plaintiff's quiet title and trespass to try title claims fail as a matter of law because he has failed to allege facts showing superiority of his title. Doc. 7 at 10-13.

Under Texas law, suits to quiet title and trespass to try title are two distinct causes of action. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001, no pet.). A suit to quiet title, also referred to as a suit to remove cloud from title, is an action that "enable[s] the holder of the feeblest equity to remove his way to legal title any unlawful hinderance having the appearance of better right.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.)). To prevail on a claim to quiet title, a plaintiff must show that: (1) they have an interest in the property; (2) title to the property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.)). Plaintiffs must recover on the strength of their own title, not on the weakness of their adversary's title. *Fricks*, 45 S.W.3d at 327. In other words, a plaintiff must establish "a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

Here, Plaintiff has adequately alleged that he has an interest in the property by virtue of his recorded warranty deed. Doc. 1-1 at 103; *See Mortg. Elec. Registration Sys., Inc. v. Groves*, 2011 WL 1364070, at *4 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. denied) (mem. op.) (holding plaintiff's allegation that "she owned the property by virtue of her recorded deed"

4

was sufficient to satisfy the requirement that she "allege [a] right, title, or ownership" in the property).  However, he has not alleged facts sufficient to establish that his interest is superior to Defendant's such that he is entitled to recovery.

Texas Courts have made clear that "a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note."  *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F.Supp.3d 585, 591 (N.D. Tex. 2012) (citing *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e).  This requirement has been consistently applied to quiet title claims, meaning a plaintiff must generally allege or tender the amount owed on the note before seeking to recover title.  *See, e.g., Lott v. Wells Fargo Bank, N.A.*, No. 3:17-CV-1270, 2018 WL 4376413, at *3 (N.D. Tex. 2018) (Rutherford, J.), *rep. & rec. adopted*  2018 WL 4362632 (N.D Tex. Sept. 13, 2018) (holding that the plaintiff's failure to allege that he tendered the amount owed on the note was fatal to his ability to state a claim for quiet title"); *Chowdhury v. Carrington Mortgage Servs. LLC*, No. 3:23-CV-596, 2024 WL 628027, at *6 (N.D. Tex. Jan. 18, 2024) (Horan, J), *rep & rec. adopted*, 2024 WL 628213 (N.D. Tex. Feb. 14, 2024) (same).

Although Plaintiff claims he has a recorded interest in the property, he concedes his default and does not allege either the amount owed or that he has tendered the amount.  Doc. 1-1 at 89.  Because his failure to do so is fatal to his ability to state a claim for quiet title, this claim should be dismissed.[2]  *See Lott*, 2018 WL 4376413, at *3.

---

[2] Even assuming Plaintiff does not rely impermissibly on the weakness of Defendant's title, he has not alleged enough facts to show that Defendant's interest is unenforceable.  As best as the Court can discern, Plaintiff contends that Defendant's lien is invalid because the loan did not comply with Section 50(a)(6) of the Texas Constitution and because the four-year limitations period to foreclose has expired.  Doc. 1-1 at 111, 89.  But a lien's noncompliance with § 50(a)(6) "is not necessarily fatal to a home equity lender" because the Section provides lenders an opportunity to

Plaintiff likewise cannot maintain a trespass to try title claim.  Unlike suit to quiet title, trespass to try title is "an action to recover the possession of land unlawfully withheld from the owner and to which he has an immediate right of possession." *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex.App.-Corpus Christ 1978, no writ) (citing TEX. R. CIV. P. 783).  To state a claim for trespass to try title, the plaintiff must therefore allege "that the defendant unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof." *Serena v. U.S. Bank, N.A.*, No. H-13-2559, 2014 WL 108732, at *2 (S.D. Tex. Jan. 9, 2014) (Werlein, J.) (citation omitted).  Where the pleadings do not allege facts showing that the plaintiff has been dispossessed of the property, courts find that they fail to state a trespass to try title claim.  *See, e.g., Hurd,* 880 F.Supp.2d at 767 (dismissing trespass to try title claim because plaintiff "failed to allege that she had lost possession of the property to Defendant" following foreclosure sale); *Ndukwe v. HSBC Bank USA, N.A.*, No. H-14-400, 2014 WL 1653088, at *3 (S.D. Tex. Apr. 24, 2014) (pleadings presented no reasonable basis for recovery on trespass to try title claim where plaintiff possessed the home when he filed his state-court petition and did not establish that the foreclosure sale itself was improper); *Robinson v. Bank of Am., N.A.*, No. 3:13-CV-869-L-BK, 2013 WL 7877027, at *2 (N.D. Tex. Sept. 11, 2013)

---

cure noncompliant provisions after receiving notice of the defect from the borrower.  *See Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525 (Tex. App.—Dallas 2014, pet. denied) (noting that "[t]he cure provision of section 50(a)(6)(Q)(X) is triggered upon notice of the non-compliance to the lender by the borrower.").  Plaintiff does not allege that he provided such notice or that Defendant failed to cure.  Accordingly, even if the loan did not comply with § 50(a)(6), Defendant's interest is not necessarily invalid.  *Id.*  Likewise Plaintiff's statute of limitations argument fails to show that Defendant's interest is invalid because, as discussed *infra*, he has not alleged sufficient facts to establish that the limitations period expired before Defendant initiated foreclosure.

(holding plaintiffs could not state a claim for trespass to try title  where they had not alleged that Defendant had dispossessed them of the property following the foreclosure sale).

Here, Plaintiff does not allege that he was dispossessed of the Property by Defendant.  On the contrary, he expressly sought to "preserve his possession" at the time this action was filed. *See* Doc. 1-1 at 86.  Because dispossession is required to state a trespass to try title claim, Plaintiff cannot maintain this cause of action, and it should be dismissed.  *Hurd,* 880 F.Supp.2d at 767.

### B. Breach of Contract

Plaintiff alleges that Defendant breached the loan agreement by: (1) charging interest and tax rates inconsistent with the agreement; (2) permitting its agents to misrepresent the nature and quality of his debt in violation of the Texas Finance Code; and (3) suing to obtain title to the Property after the applicable statute of limitations had expired.  Doc. 1-1 at 111-12.  Defendant argues that Plaintiff cannot maintain a breach of contract claim because his default prevents him from showing performance, and he has not otherwise alleged facts sufficient to establish Defendant's breach.  Doc. 7 at 14-16.

To state a claim for breach of contract under Texas law, a plaintiff must allege: "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted).  In general, "a party to a contract who is . . . in default cannot maintain a suit for breach." *Villarreal v. Wells Fargo Bank*, N.A., 814 F.3d 763, 767 (5th Cir. 2016) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990));  *See, e.g., Obuekwe v. Bank of Am., N.A.,* 2012 WL 1388017, at *5 (N.D.Tex. Apr.19, 2012) (Means, J.) (holding that plaintiff

7

"cannot state a claim for breach of the deed of trust because [plaintiff] admits that she defaulted on the loan," and therefore cannot demonstrate her performance).  However, if the allegedly breached terms are terms that would arise only upon the lender's assertion of a default, the fact of plaintiff's default does not preclude him from asserting breach of those terms.  *Miller v. CitiMortgage, Inc.*, 970 F.Supp.2d 568, 580 (N.D. Tex. 2013) (citing *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-CV-1174, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011) (noting that "it would be illogical" to bar a defaulting plaintiff from enforcing the defendant's contractual obligations which arise only after Plaintiff's default) (Lynn, J.); *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018)( "If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused" by the debtor's default, those terms "have no meaning").

Here, Plaintiff acknowledges that he has not made a loan payment since before 2014 and is therefore in default.  Doc. 1-1 at 89.  Whether he may maintain a breach of contract claim thus depends on whether the duties he contends were breached arise independently of his obligation to make monthly payments.  *Williams*, 884 F.3d at 245.

To the extent Plaintiff challenges the interest and tax rates charged under the loan agreement, the Court concludes that Defendant's duty to charge rates consistent with the agreement depends on Plaintiff's continued payment.  Unlike obligations that arise only after default, such as a lender's duty to provide notice of default and intent to foreclose, the challenged interest and tax rates appear to be part of the core contractual exchange.  Once Plaintiff defaulted, Defendant was no longer bound to these terms.  Accordingly, Plaintiff cannot meet the performance requirement, and contract claim based on the alleged overcharges of interest or taxes should be dismissed.

To the extent Plaintiff bases his breach of contract claim on Defendant's alleged violations of the Texas Finance Code, he fares no better. Although Plaintiff asserts that Defendant allowed its agents to make misrepresentations as to the nature and quality of a debt, he does not specify which provision of the loan agreement this conduct allegedly breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F.App'x 233, 238 (5th Cir. 2014) ("[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *Aston Custom Homes & Design, Inc. v. Wilmington Sav. Fund Soc'y FSB,* 2023 WL 7706755, at *2 (N.D. Tex. Nov. 14, 2023) (Godbey, J.) (holding that "[a] general assertion of rights and obligations without support of the specific provisions alleged to be breached does not raise the right to relief beyond a speculative level"). Moreover, even if Plaintiff had identified the relevant provision, the vague and conclusory allegation that Defendant, through its agents, misrepresented a debt is insufficient to give Defendant fair notice of the factual basis for the claim. *See Twombly*, 550 U.S. at 555 (pleadings must give defendant fair notice of the claim "and the grounds upon which it rests[.]"). Accordingly, Plaintiff has failed to state a breach of contract claim based on Defendant's alleged misrepresentations.

Plaintiff's final theory is that Defendant breached the loan agreement by pursuing foreclosure and seeking title to the Property after the applicable statute of limitations had expired. Doc. 1-1 at 112. Because this allegation concerns Defendant's conduct in enforcing the loan after Plaintiff's default, it is not foreclosed solely by Plaintiff's failure to fully perform his contractual obligations. *See, e.g., Miller*, 970 F.Supp.2d at 580 (concluding that plaintiff's default did not preclude assertion that defendant breached the deed of trust because the allegedly breached terms come into effect only when the borrower fails to make payments). Nevertheless, Plaintiff has failed to allege sufficient facts to support this claim.

Under Texas law, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM CODE § 16.035(b).  If the note contains an optional acceleration clause, the cause of action accrues, and the limitations period begins to run, when the holder "actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001).  Effective acceleration requires the holder to provide "clear and unequivocal" notice both of its intent to accelerate and the acceleration itself. *Id.* (citation omitted).  However, a noteholder who has accelerated a note may subsequently abandon acceleration, thereby restoring the contract to its original condition. *Wells v. Bank of Am., N.A.*, No. 3:13-CV-3658, 2014 WL 4594516, at *7 (N.D. Tex. Sept. 12, 2014) (Lynn, J.) (citations omitted).  Acceleration can be abandoned by agreement, formal notice, or acts inconsistent with the holder's right to collect the accelerated amount, such as by accepting partial payments. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing *G.T. Leach Builders, LLC v. Sapphire V.P., LP,* 458 S.W.3d 502, 511 (Tex. 2015)).  Once acceleration is abandoned, the four-year limitations period resets and a does not begin to run again until the borrower defaults and the holder renews its option to accelerate. *Boren*, 807 F.3d at 106.

In his First Amended Petition, Plaintiff alleges that, following prior accelerations of the loan, Defendant wrongfully foreclosed on Plaintiff's Property after the statute of limitations had expired. Doc. 1-1 at 87.  However, he does not clearly allege when any prior acceleration occurred or when he allegedly received notice of such accelerations, if at all.  Instead, Plaintiff offers only vague assertions that "in the past, Defendant . . . had accelerated the loan . . . and started the foreclosure process." Doc. 1-1 at 87.  Although the Petition suggests that at least one foreclosure proceeding occurred between 2019 and 2021, *see* Doc. 1-1 at 109, it remains unclear

whether this followed Defendant's most recent acceleration, particularly given Plaintiff's allegation that Defendant has initiated foreclosure "at least five times, and perhaps more than seven times." Doc. 1-1 at 87. Moreover, Plaintiff's allegation that he never received any notice of the acceleration of his loan appears to contradict his contention that Defendant's prior accelerations were effective. Doc. 1-1 at 114; *Holy Cross*, 44 S.W.3d at 566.

From these allegations, the Court cannot discern when the statute of limitations allegedly began to run and thus cannot assess whether Defendant breached the agreement or otherwise engaged in wrongful foreclosure. Accordingly, Plaintiff has failed to state a claim based on the expiration of the limitations period, and this claim should be dismissed.

### C. RESPA and TILA Claims

To the extent Plaintiff contends that Defendant has violated the Settlement Procedures Act (RESPA) or the Truth in Lending Act (TILA), such claims likewise fail. *See* Doc. 1-1 at 112-13.

TILA protects against inaccurate and unfair credit practices by requiring that creditors provide consumers with "meaningful disclosure of credit terms." *See* 15 U.S.C. § 1601; *Martin v. New Century Mortg. Co.,* 377 S.W.3d 79, 87 (Tex.App.-Houston [1st Dist.] 2012, no pet.). Similarly, "RESPA seeks to ensure that real estate consumers 'are provided with greater and more timely information on the nature and costs of the settlement process[.]'" *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir.2003) (quoting 12 U.S.C. § 2601(a)).

Here, Plaintiff alleges only that he contacted Defendant regarding loan forbearance and other loan modification programs after his default and, although he was willing and able to apply for a program, Defendant did not present with any actual plan to assist him. Doc. 1-1 at 113,

11

106.  While Plaintiff suggests that this conduct violated the TILA[3] and/or RESPA, he does not identify any specific statutory or regulatory duty imposed by either of these provisions that Defendant failed to satisfy.  Doc. 1-1 at 113.  Accordingly, to the extent the Petition asserts claims under either statute, it fails to provide sufficient factual details to place Defendant or the Court on notice of the specific duties allegedly breached.  These claims should therefore be dismissed.

### D. Wrongful Foreclosure

Plaintiff next asserts a claim for wrongful foreclosure based on Defendant's failure to provide notice of its intent to foreclose or of the foreclosure sale as required by the Texas Property Code.  Doc. 1-1 at 118-19.  To establish a wrongful foreclosure claim, a plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price."  *Villareal,* 814 F.3d at 768 (cleaned up).

Even assuming Defendant's alleged failure to provide notice constitutes a "defect" under the first element, Plaintiff has not alleged that the Property's selling price was "grossly inadequate" or that the deficient notice caused such a result.  *See* Doc. 1-1 at 118-19.  Because he fails to allege any facts in support of the remaining two elements, the Petition fails to state a claim for wrongful foreclosure and this claim should be dismissed.  *See, e.g., Moore v. Fed. Nat'l Mortg. Ass'n*, No. H-12-1518, 2012 WL 6048999, at *3 (S.D. Tex. Dec. 5, 2012) (Miller, J.) (petition failed to state a wrongful foreclosure claim because it did not allege that there was a grossly inadequate selling price or a casual connection between the defect and the selling price).

---

[3] Plaintiff specifically refers to "Regulation Z," the set of regulations implementing the TILA. *See* Doc. 1-1 at 113; 12 C.F.R. Part 226 et seq.

12

### E. Injunctive Relief and Declaratory Judgment

Finally, Plaintiff seeks both a temporary injunction and a declaratory judgment invalidating Defendant's deed. Doc. 1-1 at 117-18. Both declaratory and injunctive relief are forms of relief grounded on underlying claims. See *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (reasoning that declaratory relief is a procedural device and does not establish any substantive rights or causes of action); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (noting that "a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."). Because the Court finds that Plaintiff has failed to state any substantive claim for relief, his claims for declaratory and injunctive relief likewise fail. As such, Defendant is entitled to dismissal of these claims.

## IV. LEAVE TO AMEND

Although a court may dismiss a claim that fails to meet the pleading requirements, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Here, Plaintiff is represented by counsel and has not sought leave to amend in response to the deficiencies identified in Defendant's motion. In fact, Plaintiff appears to have abandoned this action by failing to appear in any way since its removal to federal court, including by failing to defend against the motion *sub judice*. Under these circumstances, the Court concludes that granting leave to amend *sua sponte* would only cause unnecessary delay.

## V. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss*, Doc. 6, should be

**GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**.  As no

claims will remain pending, the Clerk of Court should be directed to close this case.

**SO RECOMMENDED** on March 11, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).